IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, <br><br> v. <br><br> **ANGEL A. VELEZ-JIMENEZ,** Defendant. | **CRIMINAL NO. 17-004 (JAG)** |

### UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, through its attorneys and very respectfully states and prays as follows:

### I. BACKGROUND

1. The defendant Angel A. Velez-Jimenez pleaded guilty both Counts of the Indictment charging him with possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §841; and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c). *Docket Entry 36*.

2. For the reasons stated below, the United States respectfully submits that a term of imprisonment of 66 months is sufficient but not greater than necessary.

### II. ANALYSIS

**A. Factors to be considered**

3. The court in determining the particular sentence to be imposed shall consider: the nature and circumstances of the offense; the history and characteristics of the defendant; the need that the sentence imposed reflects the seriousness of the offense, promotes respect for the

1

law, affords deterrence and protects the public from further crimes of the defendant. See, 18 U.S.C.§3553(a).

4. A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. […] Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation. See, U.S.S.G. §4A1.1.

5. In the case of reference, although the defendant has no criminal convictions, he does have a history of similar criminal conduct that includes dealing with controlled substances and weapons at the state level prior to the events that lead to the instant arrest. *Docket Entry 41, p. 9-11*.

6. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See* U.S.S.G. ch.4 pt. A, introductory cmt. See United States v. Politano, 522 F.3d 69, 74 (1st Cir. 2008) which allows a sentencing court "to take into account all of the circumstances under which [the defendant] committed the offense, including the particular community in which the offense arose". Put another way, the incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence.

7. In addition, general deterrence of criminal conduct dictates a clear message be sent *to society* that repeated criminal behavior will aggravate the need for punishment with each recurrence. See United States v. Pulido, 566 F.3d 52, 64 (1st Cir.2009) (concluding there was no procedural error when district court's ultimate sentence was based upon the danger which the defendant's crimes posed on society, among other factors).

8. The fact that in 2017 defendant is again involved in weapons and controlled substances offenses, reflects poorly on his respect for the law and shows that there is a need for deterrence in the instant case.

9. There is also the need to protect the public from further acts from this defendant.

10. Guns are an acknowledged "tool of the trade" in the drug business. Possession of weapons, in particular handguns, along with other evidence, is powerful circumstantial evidence that an individual is in the drug trafficking trade. United States v. Price, 418 F.3d 771, 779 (7th Cir. 2005); United States v. Adams, 759 F.2d 1099, 1108 (3d Cir. 1983) (admission of Uzi type weapons during narcotics trial not unduly prejudicial; guns are "tools of the trade.").

11. It is settled that evidence of narcotics dealing is admissible to show a defendant's motive for possessing a firearm. *See* United States v. Jacobs, 44 F.3d 1219, 1225 (3d Cir. 1995) ("[e]vidence tending to show that the defendant was a participant in the selling of drugs was relevant under Rule 402 and was admissible under Rule 404(b) to show that the defendant had a motive for carrying a firearm"); United States v. Rankin, 902 F.2d 1344, 1346 (8th Cir. 1990) ("[e]vidence that [the defendant] possessed cocaine could establish a motive for possessing a weapon"); United States v. Rivera, 844 F.2d 916, 926 (5th Cir. 1987) (evidence that defendant is narcotics trafficker is evidence of motive to possess weapons).

12. There is inherent danger in the possession of firearms and the dealings of controlled substances. Therefore, the fact that the defendant was involved in the trafficking of narcotics and that he was armed demonstrates that there is a need to protect the community from further acts of the defendant and its consequences.

### III. CONCLUSION

13. Pursuant to United States Sentencing Guidelines §2K2.4(b) a defendant that is convicted of violating 18 U.S.C. §924(c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. §924(c)(1)(A)(i), there is a minimum term of imprisonment of sixty (60) months as to Count One of the Indictment.

14. As to Count Two of the Indictment, the United States Sentencing Guidelines suggest a sentence between the range of 6 months and 12 months of imprisonment for the defendant.

15. Since the defendant is ineligible for probation, the United States recommends that this Honorable Court imposes a term of imprisonment of 60 months of imprisonment as to Count One and of 6 months of imprisonment as to Count Two of the Indictment for a consecutive sentence of imprisonment of 66 months of imprisonment.

**WHEREFORE**, for all the aforementioned reasons, the United States of America respectfully requests that this Honorable Court takes notice of the aforementioned.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of August, 2018.

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY

*s/ María L. Montañez-Concepción*
**María L. Montañez-Concepción**
Assistant United States Attorney
U.S.D.C. No. 228301
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico, 00918
Tel: 787-766-5656
Fax: 787-771-4050
Email: Maria.L.Montanez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ María L. Montañez-Concepción*
**María L. Montañez-Concepción**
Assistant United States Attorney